IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 08-40074
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MAURICIO CENTENO ROMERO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-473-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mauricio Centeno Romero (Romero) appeals his sentence for transporting an illegal alien within the United States by means of a motor vehicle in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Romero contends that the district court reversibly erred when it enhanced his offense level under U.S.S.G. § 2L1.1(b)(6) because there was no evidence that he intentionally or recklessly created a substantial risk of death or serious bodily injury to the aliens. He concedes that the aliens were transported under conditions which created a substantial risk of death or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serious bodily injury. He argues, however, that the Government failed to establish that he acted with the requisite mens rea because there was no evidence that he knew or should have known that the aliens were hidden in the air dam of his tractor-trailer. This court reviews the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Charon, 442 F.3d 881, 887 (5th Cir. 2006).

Even if Romero did not have actual knowledge that the aliens were hidden in the air dam, he is accountable for "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). The proper focus is whether the reckless conduct of transporting aliens in the air dam of a tractor-trailer was reasonably foreseeable in connection with the criminal activity in which Romero agreed to participate. See United States v. De Jesus-Ojeda, 515 F.3d 434, 443 (5th Cir. 2008).

The record shows that on June 21, 2007, two months prior to the instant offense, Romero's employee, Ricardo Vega-Marquez, was detained at the same Border Patrol checkpoint after agents found three aliens hidden in the air dam of Romero's tractor-trailer. Bukipin's phone number was found in two of the aliens' pockets. Phone records for the day in question also showed several calls between Romero and an unidentified individual, as well as several calls between Bukipin, the unidentified individual, and another individual who Romero had a picture of in his cellular phone. Further, the presentence report (PSR) provides that Bukipin approached Romero on several occasions throughout the years about transporting aliens. Although Romero had previously declined Bukipin's offers, these facts support an inference that Romero had prior knowledge of Bukipin's alien smuggling operation. Moreover, the PSR provides that 38 phone calls were made between Romero and Bukipin from July 26, 2007, to August 23, 2007, further demonstrating Romero's more than minimal involvement in the operation. Although the district court did not rely on § 1B1.3(a)(1)(B) or the prior incident when it overruled Romero's objection, this

court "may affirm the district court's judgment on any basis supported by the record." United States v. Clay, 408 F.3d 214, 218 n.7 (5th Cir. 2005). Therefore, based on the foregoing, it was reasonably foreseeable that the aliens would be hidden in the air dam of Romero's tractor-trailer, and the district court did not clearly err when it enhanced Romero's offense level under § 2L1.1(b)(6). See De Jesus-Ojeda, 515 F.3d at 443. Accordingly, the district court's judgment is AFFIRMED.